**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  Plaintiff,  v.  Raymond Samuel Tsosie,  Defendant. | No. CR-15-08165-001-PCT-DJH  **ORDER** |

Pending before the Court is the Defendant's Motion for Compassionate Release. (Doc. 58). The Government has filed a Response in opposition (Doc. 64) to which the Defendant has Replied. (Doc. 65). For the forgoing reasons, the Defendant's Motion is denied.

I.   Background

On April 11 2016, Defendant Tsosie entered a guilty plea to one Count One of the Indictment (Doc. 1), Abusive Sexual Contact pursuant to 18 U.S.C. 2244(a)(5), a lesser included offense of Aggravated Sexual Abuse.[1] In his plea agreement, he stated that he "knowingly engaged in sexual contact [sic] one of my spouse's young relatives, a five-year-old girl . . . with the intent to arouse or gratify the sexual desire of any person." (Doc. 38). The plea agreement further describes that he "called for Jane Doe 1 to come to me" and thereafter, he sexually abused her. (*Id.*) The parties agreed that Counts two through Five of the Indictment, which charged the Defendant with Abusive Sexual Contact of two

---

[1] 18 U.S.C. § 2241(c) as alleged in Count One.

other child victims would be dismissed. (*Id*.) On August 22, 206, this Court sentenced him to serve 229 months in federal custody followed by a 20-year supervised release term. (Doc. 46). The Defendant, who is incarcerated in the Federal Correctional Institution, Big Spring, began serving his sentence on August 22, 2016 and his projected release date is October, 30, 2032.

II.  Legal Standards

    a.  **Exhaustion of Remedies**

The Defendant's Motion is brought pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] That statute provides that a district court "may not modify a term of imprisonment once it has been imposed" unless the Congressionally mandated exception is present. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25, 130 S.Ct. 2683 (2010). An exception is present when either the motion to modify sentence is brought by the Bureau of Prisons ("BOP") "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The statutory language is unambiguous and not waivable. *See United States v. Weidenhamer*, 2020 WL 1929200 *2 (D. Ariz. Apr. 21, 2020) ("If the statutory language contains mandatory language . . . a court may not excuse a failure to exhaust") (citing *Ross v. Blake,* 136 S. Ct. 1850, 1858 n.2 (2016)). Thus, the Court may not consider a defendant's motion without proof that he meets this exhaustion requirement.

    b.  **Extraordinary and Compelling Reasons**

If a defendant has exhausted his administrative remedies, he may bring a motion to the district court that extraordinary and compelling reasons nonetheless warrant his release. The First Step Act references the sentencing commission's policy statement for what should be considered as an extraordinary and compelling reason. Sentencing guideline section 1B1.13 n.1 defines "extraordinary and compelling reasons" for compassionate release. It includes considerations of 1) a defendant's serious advanced illness or medical condition; 2) whether the defendant is at least 65 and experiencing physical or mental

---

[2] As modified by the First Step Act of 2018. *See* Pub. . No. 115-391, § 603.

health problems due to his/her advanced age, and the length of time incarcerated; 3) specific family circumstances; and 4) other reasons as determined appropriate by the Director of the BOP. *See* U.S.S.G. § 1B1.13 cmt. 1(A)-(B). The sentencing commission has not altered its guidance since the First Step Act was amended, thus, courts may independently determine whether such other reasons are present on a case-by-case basis and without deference to the BOP. *See United States v. Carter* 2020 WL 3458598, at *4 n.3, n.4 (D. Ariz. June 25, 2020) (citations omitted).

In considering motions for compassionate release, the Court must also "consider [ ] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). A court should not grant a sentence reduction unless it finds that the defendant is not a danger to the safety of any other person or to the community. *See* U.S.S.G. § 1B1.13(2); s*ee also United States v. Baye*, 2020 WL 2857500 *10 (D. Nev. June 2, 2020) (citing cases). Therefore, the Court must find both extraordinary and compelling reasons for compassionate release *and* that the 3553(a) factors support such release. *See United States v. Ruelas*, 2020 WL 5645093, *2 (D. Ariz. Sept. 22, 2020) (citations omitted).

**III.  Analysis**

The parties appear to agree, as does the Court, that the Defendant has exhausted his administrative remedies. On December 15, 2020, Warden R. Marques, denied the Defendant's request for compassionate release under Program Statement 5050.50. (Doc. 58 at 22). In so doing, the Warden determined "[o]ur medical department has verified you are a Care Level 2 inmate, and you currently do not have any terminal, incurable diseases, or incurable and progressive illnesses . . . you do not have a medical condition that prevents

you from accomplishing you [sic] daily living activities and/or limit your ability to function in a correctional facility." The Warden further stated that the Defendant did not meet the age requirement for consideration and noted "[a]s of December 11, 2020, you have not served at least 50% of your sentence and have only served 20.6% of your sentence." (*Id*.) Therefore, the Warden denied his request. The Defendant's request having been denied and a lapse of thirty days having occurred, the Court finds that he has exhausted his administrative remedies.

      **a.**     **Extraordinary and Compelling Reasons**

The Defendant is 58 years-old and claims the following health conditions: obesity, hypertension and diabetes. (Doc. 58 at 1). A medical report states that his past medical history includes "hypertensive disorder and Type 2 diabetes mellitus, On a diet control." (*Id* at 5).

On September 24, 2020, the Defendant presented to the Health Services Unit with shortness of breath, cough, fever and chills and he tested positive for COVID-19. (Doc. 60 at 5). A November 20, 2020 clinical encounter notes that the Defendant, at that time, was 5'6 inches and weighed 193 pounds. (Doc. 60 at 4). The note further states "[h]e states that he feels much better since hospitalization, he is lighter, he sleeps better . . . he denies headaches, dizziness, chest pain, dyspnea, diarrhea or constipation." (*Id*.) The Defendant again tested positive with COVID-19 on January 25, 2021. (Doc. 68 at 7). There is no indication in that medical record of associated symptoms. (*Id*.) The Defendant reported having been quarantined because his prison laundry co-worker(s) tested positive for COVID-19 in mid-February, but that he was "not treated or attended to by medical personnel" and the "he did not experience new symptoms." (Doc. 69 at 2).

The Defendant states "he is not safe in Big Springs during this pandemic given his age, race, gender, weight, and history of both diabetes and hypertension." (Doc. 58 at 10). He asserts that the circumstances in Big Springs support this as "the federal prison in which [he] is housed has had a very serious outbreak, resulting in 789 cases" and that he was among those infected. The parties appear to agree that the Defendant's current health

- 4 -

conditions of obesity, diabetes, and hypertension all support a finding that he meets the criteria for extraordinary and compelling reasons warranting early release. (Doc, 64 at 2). The Defendant and Government states and the Court recognizes that the Centers for Disease Control indicates that adults of any age with "certain underlying medical conditions are at increased risk for severe illness from the virus that causes COVID-19."[3]. Two of the Defendant's medical conditions Type 2 diabetes mellitus and a body mass index (BMI) of $30Kg/m^2$ are among those listed. However, the Defendant notes that he has a BMI of 31.1, which is just above the obesity range. And, according to the CDC, hypertension, "might" place persons at an increased risk.

Having considered the Defendant's age, his specific health concerns, the risk of COVID-19 infection, and the guidance set forth in U.S.S.G. § 1B1.13, the Court disagrees. The Sentencing Guidelines Manual's definition of "serious physical . . . condition" only includes a condition that "substantially diminishes" the defendant's ability to care for himself and from which he is "not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1. First, the Defendant is not within the stated vulnerable age-range. Second, while he is technically within a BMI index category of obese, he is within one point of that margin. Thus, his diabetes and slight obesity do not, in and of themselves, present the extraordinary and compelling circumstances warranting his release. The Court notes that the Warden came to the same determination upon consultation with the medical department. (Doc. 58 at 22). The Court must give some deference to the opinion of the medical department as it has more frequent interaction with the Defendant.

Nonetheless, the Court is aware that unfortunately, the Defendant has also tested positive for COVID-19 in the past and that he had symptoms of cough, fever and chills. The Court need not be persuaded that the circumstances of his incarceration contributed to that positive test. And, the Court need not be persuaded that his continued incarceration will make he and other detainees susceptible to the virus. The Court further notes that

---

[3] *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 25, 2021);

currently, FCI Big Spring has 11 confirmed active cases among its staff and no confirmed inmate cases.[4] Thus, Big Spring, like the rest of the nation, has experienced a flux of positive diagnosis during the pandemic. And although the Defendant was infected, his age and his health status likely contributed to his ability to recover. Moreover, as indicated in the supplemental record, the Defendant again succumbed to COVID-19 in January, but apparently had no attendant symptoms.[5] These circumstances undermine the argument that should he contract COVID-19, he would suffer terminally, or be unable to care from himself in confinement. Thus, the Court finds that he does not meet the criteria for release for an extraordinary and compelling reason pursuant to 18 U.S.C. § 3582(c)(1)(A).

### b.     Sentencing Factors

Although the Court finds that he has not met the criteria for extraordinary and compelling reasons warranting release, it will address the sentencing factors of 18 U.S.C. § 3553(a). The Defendant acknowledges the serious nature of his offense, then asserts that he "has already served over five years on this offense, the time he has served has already achieved much of the original sentence's retributive, deterrent and incapacitative purposes." (Doc. 58 at 18). The Government asserts that the Defendant is a danger to the community and a danger to reoffend. (Doc. 64 at 21). The Court agrees.

The Court need not reiterate the specific facts as set forth in the Defendant's plea agreement, the Government's Response and the presentence investigation report. (Doc. 42). The Court notes that the Defendant was charged with sexually abusing three children, ages five, eight, and nine. These children were well-known to the Defendant, an elder family member, and the offenses occurred in surroundings familiar to the children. The Court further notes that the children reported that the abuse took place on more than one occasion. The Court notes that the statutory offense of Abusive Sexual Contact is punishable by a term of imprisonment of up to life and a term of supervised release of five-

---

[4] *See FCI Big Spring*, https://www.bop.gov/locations/institutions/big/ (last visited Feb. 25, 2021.
[5] In his Reply, however, the Court notes that the continues to have difficulty breathing. (Doc. 65 at 3).

- 6 -

years and up to life.  18 U.S.C. § 2244(a)(5).  The Congress undoubtedly considers this crime serious enough to warrant such punishment, in part, because it involves vulnerable children.

Of great concern to the Court is that although the Defendant admitted conduct in his written and signed plea agreement, he now apparently excuses his conduct as he describes "my character at the time of the offense, was in a state of Delirium, while severely intoxicated from Alcohol, this was witnessed by my wife." (*Id* at 3).  What is more, when interviewed by law enforcement about his acts, he had a clear recollection of the time, place and manner of the abuse and explained that his hand "may have slipped" to the child's private area.  These inconsistent statements, including more recent ones, show a lack of remorse or acceptance of responsibility for his crime.  The Court is also aware that the Defendant underwent a series of tests prior to sentencing which reflected that he was not forthcoming on questions related to potential to reoffend.  Thus, the Court continues to find the Defendant poses a danger to others.

As the Government points out, the Defendant's original request for release included two plans: 1) that he live with his wife and 2) that he work at Navajo Nation Radio KTNN. (Doc. 48).  Essentially, the Defendant wishes to return to his life before conviction, and in essence, returning to the scene of his crime.  This belies his assertion that the time he has served has already achieved much of the original sentence's purposes.  Given that the Defendant has only served just over one-quarter of the Court's imposed sentence, the Court's analysis of the 3553(a) factors remain unchanged.

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion for Compassionate Release (Doc. 58).

Dated this 26th day of February, 2021.

Honorable Diane J. Humetewa
United States District Judge